ERIC P. ISRAEL (State Bar No. 132426)
eisrael@dgdk.com
KEVIN D. MEEK (State Bar No. 280562)
kmeek@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Brad D. Krasnoff,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID HARRY GELLER and LYSA DEONNE GELLER,<br><br>Debtors. | Case No. 2:14-bk-12409-BB<br><br>Chapter 7<br><br>Adv. No. |
| BRAD D. KRASNOFF, as Chapter 7 Trustee for the bankruptcy estate of David Harry Geller and Lysa Deonne Geller,<br><br>Plaintiff,<br><br>vs.<br><br>THE BARBARA DELARM MARTIN AND MURRAY GELLER FAMILY TRUST; ESTHER HAYA GELLER FREEMAN, as successor trustee of the Barbara Delarm Martin and Murray Geller Family Trust; and DAVID HARRY GELLER, an individual,<br><br>Defendants. | **COMPLAINT FOR: [1] DECLARATORY RELIEF; AND, [2] TURNOVER**<br><br>**Pretrial Conference:**<br>Date:   [SEE SUMMONS]<br>Time:   [SEE SUMMONS]<br>Place:  Courtroom 1475<br>          255 E. Temple St.<br>          Los Angeles, CA 90012 |

1294665.1  1412409A

1

Plaintiff alleges:

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The claims for relief alleged in this Complaint arise under Title 11 of the United States Code (the "Code") and arise in or under bankruptcy case no. 2:14-bk-12409-BB (the "Bankruptcy Case") which is pending under Chapter 7 of the Code in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

2. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

## II.

## THE PARTIES

3. Plaintiff is Brad D. Krasnoff, who brings this adversary proceeding solely in his representative capacity as the Chapter 7 trustee ("Trustee" or "Plaintiff") for David Harry Geller ("David") and Lysa Deonne Geller ("Lysa," and collectively with David, the "Debtors"), as debtors.

4. Plaintiff is informed and believes, and based thereon alleges, that defendant Barbara Delarm Martin and Murray Geller Family Trust (the "Geller Trust") is a trust, and at all times material herein was doing business in the County of Kern, California.

5. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, the debtor, David Harry Geller, is an individual residing in the County of Los Angeles.

6. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, defendant Esther Haya Geller Freeman ("Esther") is an individual residing in the County of Los Angeles. Plaintiff is informed and believes, and based

1294665.1  1412409A

2

thereon alleges, that at all relevant times, Esther is David's sister.

7. Plaintiff is informed and believes and, based thereon, alleges that, Esther is the sole trustee of the Geller Trust.

## III.
## GENERAL ALLEGATIONS

**Bankruptcy Background:**

8. The Bankruptcy Case was commenced on or about February 7, 2014 (the "Petition Date"), when the Debtors filed a joint, voluntary petition for relief (the "Petition") under Chapter 7 of the Code and is currently pending in the Los Angeles Division of the Bankruptcy Court.

9. Brad D. Krasnoff (the "Plaintiff" or "Trustee") subsequently accepted appointment as the Chapter 7 Trustee for the Debtors' estate and continues to serve in that capacity for the benefit of creditors.

10. The Trustee filed his report of no assets on or about March 24, 2014 [*docket entry no. 11*], the debtors obtained their discharge on or about May 27, 2014 [*docket entry no. 12*], and the case was closed on or about May 28, 2014 [*docket entry no. 13*].

11. Subsequent to the closing of the case, Plaintiff received correspondence from the Debtors' counsel informing him that David had become entitled to payment of certain trust benefits from a family trust upon the death of Barbara Delarm Martin, the wife of David Harry Geller's father. According to the Debtors' counsel, debtor David Harry Geller could receive approximately $500,000 from the Geller Trust (the "Funds").

12. On or about March 3, 2015, the Office of the United States Trustee ("OUST") filed its *Ex Parte Motion for Order to Re-Open Bankruptcy Case (docket entry no. 15)* (the "Motion"). On or about March 5, 2015, the Court entered its order re-opening the bankruptcy case (*docket entry no. 17*). Plaintiff was

1294665.1  1412409A                              3

1 | reappointed as the Chapter 7 Trustee herein shortly thereafter.

**The Geller Trust:**

13.  Plaintiff is informed and believes, and based thereon alleges, that the Geller Trust was created on or about October 27, 2009.

14.  Plaintiff is informed and believes, and based thereon alleges, that Barbara Delarm Martin ("Barbara") and Murray Geller ("Murray") were the settlors, first trustees, and initial beneficiaries of the Geller Trust.

15.  Plaintiff is informed and believes, and based thereon alleges, that Murray died on November 27, 2013.

16.  Plaintiff is informed and believes, and based thereon alleges, that Barbara died on May 23, 2014.

17.  Plaintiff is informed and believes, and based thereon alleges, that upon Barbara's death, David's sister, Esther, became the successor trustee of the Geller Trust, and continues to act in that capacity.

18.  Plaintiff is informed and believes, and based thereon alleges, that among the property of the Geller Trust were four parcels of real property located in Kern County, California, and several accounts in the name of Barbara and Murray with Caltech Employees Federal Credit Union.

19.  Plaintiff is informed and believes, and based thereon alleges, that pursuant to section 3.01 of the Geller Trust, the Geller Trust became irrevocable upon Murray's death on November 27, 2013.

20.  Plaintiff is informed and believes and, based thereon, alleges that, as of November 27, 2013 (i.e. prior to the Petition Date), David had a vested interest in the Geller Trust, which was required to be distributed to David. As a result, that interest was and remains property of the Debtors' estate.

21.  The Debtors failed to disclose David's beneficial interest in the Geller Trust, as required in Schedules "B" or "C" of their Bankruptcy Schedules, so as to identify David's Beneficial Interest as an asset of the Bankruptcy Estate of the

1294665.1 1412409A

4

Debtors.

22. Pursuant to 11 U.S.C. § 541(a), Plaintiff is the owner and holder of all legal or equitable interests held by the Debtors as of the Petition Date, including, but not limited to, David's interest in the Geller Trust as well as Lysa's community property interests (if any) in the Geller Trust (collectively, "the Beneficial Interests").

23. Plaintiff is informed and believes and, based thereon, alleges that the Geller Trust is in possession of the Beneficial Interests which are property of the Bankruptcy Estate within the meaning of 11 U.S.C. §541(a).

## IV.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief

### (Against All Defendants)

24. Plaintiff refers to and, by this reference, fully incorporates herein all allegations in Paragraphs 1 through 23, inclusive, of this Complaint.

25. An actual dispute exists between the Plaintiff, on the one hand, and Defendants, on the other hand, regarding their respective rights and interests in and to the Beneficial Interests. The Beneficial Interests constitute property of the Bankruptcy Estate and Defendants are required by 11 U.S.C. § 542 to make any distributions on account of the Beneficial Interests to Plaintiff. To the extent that the Geller Trust contains a valid spendthrift provision, the Estate is entitled to at least 25% of the Beneficial Interests pursuant to applicable California law. Defendants have refused to distribute any of the Beneficial Interests to Plaintiff despite Plaintiff's demand for same.

26. A judicial determination is necessary and appropriate at this time so that all disputes as to the respective rights and interests of the Plaintiff and the Defendants in and to the Beneficial Interests may be resolved.

## V.

## SECOND CLAIM FOR RELIEF

### For Turnover Order

### (Against Geller Trust and Esther)

27. Plaintiff refers to and, by this reference, fully incorporates herein all allegations in Paragraphs 1 through 26, inclusive, of this Complaint.

28. Plaintiff is informed and believes and, based thereon, alleges that the Beneficial Interests, are in the possession, custody, or control of the Defendants. Plaintiff alleges that the Beneficial Interests are property of the Bankruptcy Estate and that the Beneficial Interests, can be used, sold, or leased by Plaintiff under Section 363 of the Code.

29. Pursuant to the provisions of Section 542 of the Code, Plaintiff is entitled to an order directing turnover by the Defendants of the Beneficial Interests to the Trustee, or the cash value of the Beneficial Interests as of the Petition Date, plus interest thereon.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

ON THE FIRST CLAIM FOR RELIEF

i. For a judgment declaring that the Beneficial Interests constitute property of the Bankruptcy Estate of the Debtors within the meaning of 11 U.S.C. § 541(a).

ON THE SECOND CLAIM FOR RELIEF

i. That judgment be entered directing Defendants Esther and Geller Trust to immediately turnover to Plaintiff the Beneficial Interests as of the Petition Date, or the value thereof according to proof, plus interest thereon.

## ON ALL CLAIMS FOR RELIEF

i.    For Plaintiff's costs of suit incurred herein; and,

ii.    For such other and further relief as the Court deems just and proper.

Dated: September 28, 2015

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
KEVIN D. MEEK
Attorneys for Plaintiff Brad D. Krasnoff, Chapter 7 Trustee

1294665.1  1412409A

7

FORM B104 (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** BRAD D. KRASNOFF, as Chapter 7 Trustee for the bankruptcy estate of David Harry Geller and Lysa Deonne Geller | **DEFENDANTS** THE BARBARA DELARM MARTIN AND MURRAY GELLER FAMILY TRUST; ESTHER HAYA GELLER FREEMAN, as sucessor truste, etc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) DANNING, GILL, DIAMOND & KOLLITZ, LLP 1900 Avenue of the Stars, 11th Floor Los Angeles, CA 90067 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☒ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Turnover; Declaratory Relief

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 150,000 |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2             2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> DAVID HARRY GELLER and LYSA DEONNE GELLER || **BANKRUPTCY CASE NO.** <br> 2:14-bk-12409-BB |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL | **DIVISIONAL OFFICE** <br> LOS ANGELES | **NAME OF JUDGE** <br> SHERI BLUEBOND |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**
*/s/ Kevin D. Meek/*

| DATE <br> September 29, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> KEVIN D. MEEK |
|---|---|

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.